UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-61954-CIV-COHN/SELTZER

JOHNNIE MCCULLOUGH,

    Plaintiff,

vs.

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

**THIS CAUSE** is before the Court on Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act [DE 16]. The Court has reviewed the Application, Defendant's Response [DE 19], the record in this case, and is otherwise advised in the premises.

On December 8, 2008, Plaintiff Johnnie McCullough filed a Complaint [DE 1] seeking review of the final decision of the Commissioner denying him benefits under the Social Security Act. On July 6, 2009, the Commissioner filed Defendant's Motion to Remand [DE 12]. That Motion stated that "[a]fter further review of the administrative law judge's (ALJ) decision, agency regulations, and Eleventh Circuit law, Agency counsel requested the Appeals Council to accept remand voluntarily for further consideration of Plaintiff's claim. The Appeals Council agreed." (DE 12 at 1-2.) Accordingly, this Court entered an Order of Remand and Final Judgment [DE 14] on July 8, 2009 which remanded the case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).

On July 10, 2009, Plaintiff filed the instant Application for Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA"). The Application details the hours Plaintiff's counsel expended on this matter and requests an award of attorney fees of $1,807.17 payable to counsel. The Application also attached an "Assignment of EAJA Fees" whereby Plaintiff assigned his right to attorney fees to counsel. On July 27, 2009, Defendant filed its Response stating that Defendant has no objection to the amount of fees requested. In addition, the Defendant does not object to payment of fees directly to Plaintiff's counsel as assignee. However, the Response states that the "assignment will not . . . prevent the United States Department of Treasury from applying the EAJA payment to offset a debt owed by Plaintiff in accordance with 31 C.F.R. § 285.5(e)(6)(ii)."

Under the EAJA, the Court may award a prevailing plaintiff attorney fees and expenses unless the Commissioner can show that his position "was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Supreme Court has held that a plaintiff who obtains a sentence four remand is a prevailing party for purposes of a fee award. Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993). Pursuant to the EAJA, the Court is empowered to grant "reasonable fees and expenses of attorneys." 28 U.S.C. § 2412(b).

The Court finds that the Plaintiff is entitled to an award of attorney fees and that the amount requested in the Application is reasonable. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act [DE 16] is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that payment shall be made directly to Plaintiff's

Counsel, Adam Neidenberg, Esq., pursuant to the Assignment of EAJA Fees. It is further

**ORDERED AND ADJUDGED** that Plaintiff's Assignment of EAJA Fees will not prevent the United States Department of Treasury from applying the EAJA payment to offset a debt owed by Plaintiff in accordance with 31 C.F.R. § 285.5(e)(6)(ii).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 10th day of August, 2009.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF